ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING CONDITIONAL USE PERMITS. BECAUSE IT HAS BEEN THE LONG-STANDING POLICY OF THIS OFFICE NOT TO RENDER FORMAL OPINIONS CONCERNING MUNICIPAL ORDINANCES, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
DOES TITLE 11 O.S. 3-105, ALSO APPLY TO CONDITIONAL USE PERMITS?
TITLE 11 OF THE OKLAHOMA STATUTES, ARTICLE 43, ALLOWS MUNICIPALITIES TO ENACT ZONING AND BUILDING RESTRICTING IN ORDER TO PROMOTE THE "HEALTH, SAFETY, MORALS, OR THE GENERAL WELFARE OF (A) COMMUNITY(.)" 11 O.S. 43-101. THE ARTICLE ALSO SETS FORTH PROCEDURES THEREFOR. ARTICLE 44 OF TITLE 11 OF THE OKLAHOMA STATUTES PROVIDES AUTHORITY FOR MUNICIPALITIES TO CREATE BOARDS OF ADJUSTMENT, WHICH WOULD HAVE THE POWER TO CORRECT ERRORS, TO DECIDE UPON SPECIAL EXCEPTIONS, TO GRANT VARIANCES FROM ORDINANCES, AND TO HEAR AND DECIDE OIL AND GAS APPLICATIONS AND APPEALS.
ARTICLE 43 ALLOWS ZONING AND BUILDING RESTRICTIONS TO BE MADE FOR SUCH REASONS AS:
1. TO LESSEN CONGESTION IN THE STREETS;
2. TO SECURE SAFETY FROM FIRE, PANIC AND OTHER DANGERS;
3. TO PROMOTE HEALTH AND THE GENERAL WELFARE;
4. TO PROVIDE ADEQUATE LIGHT AND AIR;
5. TO PREVENT THE OVERCROWDING OF LAND;
6. TO PROMOTE HISTORICAL PRESERVATION;
7. TO AVOID UNDUE CONCENTRATION OF POPULATION; OR
 8. TO FACILITATE THE ADEQUATE PROVISION OF TRANSPORTATION, WATER, SEWERAGE, SCHOOLS, PARKS AND OTHER PUBLIC REQUIREMENTS. 11 O.S. 43-103, 11 O.S. 43-104 REQUIRES THAT PRIOR TO THE ENACTMENT OF ANY REGULATION, RESTRICTION OR DISTRICT BOUNDARY, PUBLIC NOTICE AND AN OPPORTUNITY FOR ANY INTERESTED PARTY TO BE HEARD AT THE MEETING MUST BE GIVEN.
THE LEGISLATURE ENVISIONED THAT ORDINANCES PASSED PURSUANT TO ARTICLE 43 MAY NEED TO BE CHANGED FROM TIME TO TIME. THEREFORE, 11 O.S. 43-105 PROVIDES:
 "A. REGULATIONS, RESTRICTIONS AND DISTRICT BOUNDARIES OF MUNICIPALITIES MAY BE AMENDED, SUPPLEMENTED, CHANGED, MODIFIED OR REPEALED. THE REQUIREMENTS OF SECTION 43-104 OF THIS TITLE ON PUBLIC HEARINGS AND NOTICE SHALL APPLY TO ALL PROPOSED AMENDMENTS OR CHANGES TO REGULATIONS, RESTRICTIONS OR DISTRICT BOUNDARIES.
 B. PROTESTS AGAINST PROPOSED CHANGES SHALL BE FILED AT LEAST THREE (3) DAYS BEFORE THE DATE OF THE PUBLIC HEARINGS. IF PROTESTS ARE FILED BY:
 1. THE OWNERS OF TWENTY PERCENT (20%) OR MORE OF THE AREA OF THE LOTS INCLUDED IN A PROPOSED CHANGE, OR
 2. THE OWNERS OF FIFTY PERCENT (50%) OR MORE OF THE AREA OF THE LOTS WITHIN A THREE HUNDRED (300) FOOT RADIUS OF THE EXTERIOR BOUNDARY OF THE TERRITORY INCLUDED IN A PROPOSED CHANGE; THEN THE PROPOSED CHANGE OR AMENDMENT SHALL NOT BECOME EFFECTIVE EXCEPT BY THE FAVORABLE VOTE OF THREE-FOURTHS OF ALL THE MEMBERS OF THE MUNICIPAL GOVERNING BODY WHERE THERE ARE MORE THAN SEVEN MEMBERS IN THE GOVERNING BODY, AND BY THREE-FIFTHS FAVORABLE VOTE WHERE THERE ARE SEVEN OR LESS MEMBERS IN THE GOVERNING BODY." 11 O.S. 43-106 REQUIRES SPECIAL NOTICE BE GIVEN OF SUCH PROPOSED CHANGES.
AS NOTED ABOVE, THE LEGISLATURE HAS PROVIDED THAT WHERE A MUNICIPALITY EXERCISES ZONING AUTHORITY, THE GOVERNING BODY OF THE MUNICIPALITY MUST PROVIDE BY ORDINANCE FOR A BOARD OF ADJUSTMENT TO BE COMPRISED OF FIVE (5) MEMBERS. 11 O.S. 44-101. THE BOARD OF ADJUSTMENT HAS THE POWER TO CORRECT ERRORS, TO HEAR AND DECIDE SPECIAL EXCEPTIONS, AND TO AUTHORIZE VARIANCES FROM ORDINANCES. 11 O.S. 44-104. IN ORDER TO APPROVE AN APPLICATION FOR A CORRECTION, SPECIAL EXCEPTION, OR VARIANCE, THREE OF THE FIVE MEMBERS OF THE BOARD MUST VOTE FAVORABLY THEREUPON.
YOUR QUESTION ASKS ABOUT CONDITIONAL USE PERMITS. A REVIEW OF TITLE 11 DOES NOT REVEAL ANY LEGISLATION WHICH DEALS IN PARTICULAR WHICH "CONDITIONAL USE PERMITS." ADDITIONAL RESEARCH INDICATES THAT SUCH PERMITS ARE PURELY A CREATURE OF MUNICIPAL ORIGIN. IT IS INAPPROPRIATE FOR THIS OFFICE TO ATTEMPT TO CONSTRUE ORDINANCES BECAUSE IT IS NOT POSSIBLE FOR THIS OFFICE TO DETERMINE THE SPECIFIC INTENTIONS OF THE MUNICIPAL BODY WHICH ENACTED IT. THUS, IT IS THE INTENT OF THE UNDERSIGNED ATTORNEY TO TRY TO PROVIDE GUIDANCE HEREIN BY GENERAL RULES OF STATUTORY CONSTRUCTION.
THE CARDINAL RULE IN STATUTORY CONSTRUCTION IS TO SEEK TO GIVE EFFECT TO THE LEGISLATIVE INTENT THEREIN. STATE EL REL. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718 (OKLA. 1982). WORDS IN A STATUTE ARE TO BE GIVEN THEIR ORDINARY MEANING. 25 O.S. 1 (1991). SISNEY V. SMALLEY, 690 P.2D 1048 (OKLA. 1984). HOWEVER, A STATUTORY DEFINITION SUPERSEDES THE COMMON MEANING OF A WORD. 25 O.S. 2. MINNIX V. STATE, 282 P.2D 772 (OKLA.CR. 1955). STATUTES, IN GENERAL, ARE TO BE GIVEN A LIBERAL CONSTRUCTION TO EFFECT THEIR OBJECTIVES AND PROMOTE JUSTICE. IN RE CAPTAIN'S ESTATE, 130 P.2D 1002 (OKLA. 1942).
IN THIS LIGHT, IT WOULD APPEAR THAT ARTICLE 44 IS NOT APPLICABLE TO CONDITIONAL USE PERMITS. THE POWERS OF A BOARD OF ADJUSTMENT ARE SPECIFIED IN 11 O.S. 44-104 AND DO NOT INCLUDE CONDITIONAL USE PERMITS. "SPECIAL EXCEPTIONS" AND "VARIANCES" ARE ALSO DEFINED IN THAT ARTICLE (11 O.S. 44-106 AND 11 O.S. 44-107) AND SET FORTH CONDITIONS TO BE MET SO AS TO ALLOW A BOARD OF ADJUSTMENT TO GRANT ONE. THE OKLAHOMA SUPREME COURT HAS FOUND THAT THE DEFINITIONS OF THESE SECTIONS CONTROL THEIR USE. APPEAL OF MORELAND, 497 P.2D 1287 (OKLA. 1972). THERE IS NO ROOM IN ARTICLE 44 FOR THE IMPOSITION OF ANOTHER TYPE OF PERMIT NOT CONTEMPLATED BY THE LEGISLATURE.
ARTICLE 43, ON THE OTHER HAND, ALLOWS CHANGES IN ZONING LAWS BUT DOES NOT DEFINE THE EXTENT TO WHICH CHANGES MAY BE MADE. WHETHER ANY PARTICULAR CONDITIONAL USE PERMIT FALLS WITHIN THE SCOPE OF 43-105 WOULD DEPEND ON WHETHER IT SUPPLEMENTS, CHANGES, MODIFIES OR REPEALS A REGULATION, RESTRICTION OR DISTRICT BOUNDARY OF A MUNICIPALITY. SEE 11 O.S. 43-105 (1991). SUCH A DETERMINATION DEPENDS ON AN INTERPRETATION AND CONSTRUCTION OF A MUNICIPAL ORDINANCE, WHICH IS OUTSIDE THE SCOPE OF THE AUTHORITY OF THE ATTORNEY GENERAL.
(JAMES ROBERT JOHNSON)